# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3790

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Timothy Emanuel Stewart, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 10, 2000

Filed:  May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and HENDREN,* District Judge.

_____

PER CURIAM.

Timothy Emanuel Stewart, a convicted felon, fled during a police stop of a vehicle in which he was a passenger.  Officers chased Stewart on foot and when Stewart jumped into a waiting car, officers followed in a high speed chase.  When the car was stopped and the occupants searched, .38 caliber ammunition was found in Stewart's shirt pocket.  Stewart was arrested.  Police officers then retraced the path of

_____

*The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

the car during the chase and found a .38 caliber firearm below an overpass bridge. Stewart was indicted as a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). A jury acquitted Stewart of the firearm charge, but convicted him of the ammunition charge.

On appeal, Stewart contends the prosecutor made an improper rebuttal to his closing argument, violating Stewart's rights to due process and to remain silent. We disagree. In closing argument, the defense attacked the Government's case, arguing:

> [the Government] had to prove that Timothy Stewart had those bullets on his person. Now, you heard the evidence and the police officer got right up and told you, "Yeah, I reached right in and pulled it off his body." There are no pockets. [The officer] probably found [the bullets] in the car. That's not proof that Timothy Stewart had them. . . . If the shirt had a pocket on it, they would have taken a picture of it and brought it right to you and showed you, yeah, we took it out of this pocket. Why didn't they? Because it doesn't serve their purpose because the shirt doesn't have any pockets.

(Tr. Vol. III at 148). When the prosecutor rebutted with a statement that:

> [the defense] also makes a point it's true that the burden is always on the Government to prove beyond a reasonable doubt that defendant – I mean defendant has nothing to prove. However, the defendant does have subpoena power. If he wanted to bring in this shirt with no pockets, he could have done that,

(Tr. Vol. III at 150), defense counsel objected and the court sustained the objection, instructing the jury that "the defendant has no burden to bring in any evidence in this case, . . . and it's improper argument by the Government." Id. After the instruction, the prosecutor also stated, without objection from the defense:

[i]f you take a look at the booking photo, there is nothing to indicate there is no pocket on that shirt. And, . . . if you look at the inventory list, it lists as part of the booking record, a shirt was part of that. We don't know what the shirt looks like . . . [the defense's] argument to show you an inconsistency, there is no evidence to actually prove it.

(Tr. Vol. III at 152). The prosecutor's statements were not improper because the prosecutor is entitled to a fair response when the defense attacks the Government's case, see United States v. Flynn, 196 F.3d 927, 930 (8th Cir. 1999), "[t]he prosecution may comment on the defense's failure to present evidence to contradict the State's case 'unless the defendant alone had the information to do so,'" Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995) (citation omitted), and the statements would not naturally and necessarily have been understood by the jury as a comment on Stewart's failure to testify, see United States v. Kragness, 830 F.2d 842, 868 (8th Cir. 1987). Even assuming the statements were improper, the court immediately issued a curative instruction, the cumulative effect of the remarks was minimal, and the evidence was sufficient to permit the jury to find Stewart guilty. See United States v. Triplett, 195 F.3d 990, 996-97 (8th Cir. 1999), cert. denied, 2000 WL 343942 (U.S. Apr. 24, 2000) (No. 99-8807). We thus affirm Stewart's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-